Battle, X
 

 The .object of the bill is to obtain the aid oí :a Court of Equity, for the purpose of reforming tho will of the testator, Daniel McRae, so as to take from the defendant, Lucy Diggs, .-certain slaves, -therein bequeathed to her :by mistake as alleged, and "give thorn to the
 
 feme
 
 plaintiff, .for whom it is said they wore intended. This object, if attained at all, must bo accomplished by a parol revocation of •the bequest of the said
 
 Lacy,
 
 and then
 
 by
 
 a nuncupative will, giving it to .the said
 
 feme
 
 plaintiff. Can this be done.? .No authority has been produced by the plaintiff’s counsel ,to show that it can, and we think there is a very strong and ■■decisive reason why it cannot. Adams in his Treatise on Equity, after stating the doctrine in relation to the reformation of instruments
 
 inter vivos,
 
 says, at page 172, “^that a ’.will, cannot be corrected by evidence ,of mistake, so.astc
 
 *113
 
 supply a clause or word inadvertently omitted, by the drawer or copyer; for there can be no will without the statutory forms, and tho disappointed intention has not those forms.” For this, ho cites Newburgh v. Newburgh, 5 Madd. Ch. Rep. 364; Jannan on Wills, s. 121; 8 Vin. Abr. 188, Ca. Pl. 1. To tho same effect, is 1st Story’s Eq. Jur., s. 181. ■Jarman says, that tho case of Newburgh v. Newburgh, was carried to the House of Lords, and there approved by the unanimous opinion of all the Judges. Tho reason given why a Court of Equity declines to interfere, when called on tc reform a will, would seem to restrict it to a devise of real estate. But the principle is certainly applicable to tho will in this case, though it be but a bequest of personalty. In the IStli section of the Statute concerning wills, (1 Rev. Stat. ch. 122,) it is enacted, that “ no will in writing,' passing or bequeathing a personal estate of greater value than two hundred dollars, or any clause thereof, shall be revocable, otherwise than by some other will or codicil, or other writing, declaring tho same, or by cancelling,” &c., and “no written will, passing or bequeathing a personal estate of two hundred dollars or less, shall be altered or revoked by a subsequent nuncupative will, except tho samo bo in tho lifetime of tho testator, reduced to writing and read over to him and approved,” &c. It is obvious, that with a slight change of the phraseology quoted from Adams, and taken substantially from the opinion of tho Vice Chancellor, in the case of Newburgh v. Newburgh, we may say here, that the will cannot be corrected by evidence of mistake, so as to strike out the name of the legatee and insert that of another, inadvertently omitted by the drawer or copyer; for there can be no revocation or alteration of a written will ■of personalty, without the statutory forms, and tho disappointed intention has not these forms.
 

 Such would be our conclusion in this case, were tho evidence of the mistake satisfactory; but it may not be im
 
 *114
 
 proper for us to declare, that were the legal objection re-moved, the testimony of the plaintiffs would he insufficient to entitle them to the relief Which they seek.-
 

 Without going fully into-the subject, it may suffice to say, that the testimony, to convert a deed, absolute on its face, into a mortgage, (an instrument founded on a valuable consideration,) must be something more than mere declarations: must be proof of facts and circumstances,
 
 dehors the
 
 deed, inconsistent with the idea of an absolute purchase. See Sowell v. Barrett, Bus. Eq. 50, and the cases there referred to. The testimony to reform an instrument in favor of a mere volunteer could not of course be less.
 

 The bill must be dismissed with costs.-